

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-18-2006

# Belas v. Juniata Cty Sch

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4385

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Belas v. Juniata Cty Sch" (2006). *2006 Decisions.* Paper 317.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/317

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-4385

CAROL J. BELAS,
Appellant

v.

JUNIATA COUNTY SCHOOL DISTRICT;
THOMAS E. MUIR, individually,
and in his capacity as Superintendent
of the Juniata County School District

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 04-cv-00505)
District Judge: Honorable Yvette Kane

Submitted Under Third Circuit LAR 34.1(a)
September 25, 2006

Before: RENDELL, CHAGARES and ROTH, Circuit Judges

(Filed: October 18, 2006)

OPINION OF THE COURT

RENDELL, Circuit Judge.

Plaintiff-Appellant Carol Belas appeals the grant of summary judgment by the

District Court in favor of defendants. We will affirm the grant of summary judgment

substantially for the reasons set forth by the District Court in its well-reasoned and detailed Memorandum and Order, dated August 26, 2005.

## I.

Belas became principal of the Monroe, Susquehanna, and Thompsontown - Delaware Elementary Schools in August, 2001. Evidence was offered in support of defendants' summary judgment motion that soon after her hiring Belas engaged in a pattern of inappropriate behavior. Among other infractions, she failed to secure confidential student files, harassed staff members, violated written directives issued by the superintendent, and in general failed to conduct herself as principal with any modicum of professionalism or competence. After several warnings, written reprimands, and disciplinary conferences with superintendent Thomas Muir of the Juniata County School District, Belas was suspended without pay for three days. The pattern continued unabated, however, and Belas received four more reprimands, two in March 2002 and two in May 2002. In June of 2002, Muir sought Belas's termination by the School Board.

After protracted hearings in which Belas was represented by counsel, the Board voted to terminate her employment. Belas appealed the decision to the Pennsylvania State Department of Education. In a 42-page opinion, the Secretary of Education rejected the appeal. Belas appealed that determination but also filed a separate action against Muir and the School Board in the United States District Court for the Middle District of Pennsylvania claiming that her firing deprived her of her constitutional right to due process. Her state appeal is still pending, but defendants do not claim that Belas's federal

2

action is barred by the unexhausted state proceeding. *See Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000) ("In order to state a claim for failure to provide due process, a plaintiff must have taken advantage of the processes that are available to him or her, unless those processes are unavailable or patently inadequate."); *McDaniels v. Flick*, 59 F.3d 446, 460 (3d Cir. 1995) ("[A] discharged employee cannot claim in federal court that he has been denied due process because his pretermination hearing was held by a biased individual where he has not taken advantage of his right to a post-deprivation hearing before an impartial tribunal that can rectify any possible wrong committed by the initial decisionmaker.").

The District Court granted summary judgment in favor of defendants on all five claims brought by the plaintiff, including her due process claims and other claims not appealed to this Court. Plaintiff-Appellant appeals the entry of summary judgment on two of those claims: a claim that her suspension without pay violated due process, and a claim that her termination proceedings (including her appeal to the Secretary) violated due process.

II.

We review the entry of summary judgment by applying the same standard the lower court applied. *Smathers v. Multi-Tool, Inc./Multi-Plastics, Inc.*, 298 F.3d 191, 194 (3d Cir. 2002). Summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is

3

entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

To begin with the most recent proceeding, Belas attacks the decision by the Secretary, claiming that the decision to review the record of the proceedings before the School Board without additional live testimony violated due process. We agree with the District Court that Belas cites no case or regulation which requires that the Secretary consider additional live testimony, and that Belas retains an opportunity to challenge the Secretary's determination in her state appeal.

Second, Belas attacks the process which ultimately led to her firing. She claims that it was unconstitutional for the Board to limit proposed findings of fact to ten pages (she submitted no proposed findings of fact); that the Board relied on hearsay; that she did not receive documents from the Board until it was time to begin her case; and that she was not provided with a bill of particulars setting forth in greater detail the 20 page document containing the charges against her. For substantially the reasons provided by the District Court, we agree these claims are spurious and present no genuine issues of material fact.

Finally, Belas attacks her suspension. A wrongful suspension without pay may raise due process concerns. *Gniotek v. City of Philadelphia*, 808 F.2d 241, 244 (3d Cir. 1986). Muir suspended Belas without pay on June 26, 2002, a status that continued until she was terminated. Belas claims that she was never granted a hearing on her suspension during the 18 months that her case was being examined by the Board.

The Supreme Court has described the "root requirement" of the Due Process

Clause as being "that an individual be given an opportunity for a hearing *before* he is deprived of any significant property interest." *Boddie v. Connecticut*, 401 U.S. 371, 379 (1971). As the District Court noted, immediately prior to suspending Belas, Muir met with her and informed her of what was about to happen. He provided her a written memorandum outlining the reasons for her suspension and for her impending termination proceeding. Belas objected to the suspension but Muir was unmoved. Belas claims that Muir was biased, and accordingly the process afforded her was not meaningful and therefore inadequate under the requirements of the Due Process Clause.

We have held that the existence of a neutral, post-deprivation arbiter obviates the need for the "excessive pretermination precaution" of requiring pre-deprivation hearings to be conducted by unbiased or unconnected individuals. Here, as noted above, the relevant deprivation occurred when Belas was suspended without pay. As we wrote in *McDaniels v. Flick*, "[u]sually, an employment termination decision is made initially by the employee's direct supervisor . . . a sensible approach given that such person often is already familiar with the employee's abilities and shortcomings as well as the needs and interests of the employer organization. Yet, these individuals are also likely targets for claims of bias or improper motive simply because of their positions." 59 F.3d at 460. We held that due process did not require that pre-deprivation hearings be conducted by persons with no history with the complaining individual. "On the whole, we do not think that such excessive pretermination precaution is necessary where the state provides a neutral tribunal at the post-termination stage that can resolve charges of improper

5

motives." *Id.* As discussed, that tribunal was and is available and as such Belas's suspension claim must fail.

For these reasons and reasons set forth by the District Court, the order of the District Court will be affirmed.